[No. 19528.   Department Two.   April 1, 1926.]

FRED BOWDEY et al., Respondents. v. R. W. TRACEY et al.,
Appellants.[1]

[1] BOUNDARIES (13, 21)—PRIVATE SURVEYS—GOVERNMENT MEANDERS
—EVIDENCE—SUFFICIENCY.   The government meanders of the
shore line on tide waters is sufficiently established by the evi-
dence of an engineer who testified that he retraced the lines in a
survey with transit and tape, using a certified copy of the gov-
ernment field notes.

Appeal from a judgment of the superior court for
Kitsap county, French, J., entered March 2, 1925, upon
findings in favor of the plaintiffs, in an action to enjoin
an encroachment on a street.   Affirmed.

*Ray R. Greenwood* and *B. J. Briggs,* for appellants.
*Marion Garland,* for respondents.

TOLMAN, C. J.—This action was brought by respond-
ents, as plaintiffs, to oust the defendants from the use
and occupancy of what is claimed to be a public street
immediately adjoining their premises.   From a judg-
ment against them in accordance with the prayer of
the complaint, the defendants have appealed.

It appears to be conceded that a patent to the govern-
ment lot, which covers the property in dispute, was
issued October 10, 1866, and that the successor of the
patentee platted the land in 1891.   The plat shows a
street named Tunbridge avenue, which extends in a
westerly direction to the government meander line
bounding the tide waters lying west of the land
patented.   It is also conceded that the government
grant, being before statehood, carried title to all land
up to the meander line, and was not limited to the

[1]Reported in 244 Pac. 545.

ordinary high-water line as would otherwise have been the case.

[1] The main, and perhaps the only, contention on this appeal is that the respondents have not established the government meander line and that, in the absence of proof to the contrary, the meander line will be presumed to conform to the line of ordinary high water. No government plat or field notes relating to the government survey of this particular land were offered in evidence; but respondents sought to prove their case by producing an engineer as a witness, who, after qualifying, testified that he had surveyed the meander line in front of Tunbridge avenue in the city of Bremerton; that he had made a plat thereof, drawn to scale; and his plat was received in evidence. The plat showed the meander line to be some sixty feet westerly from the front of appellants' buildings and material yard; so that, if the plat be correct, appellants are occupying about sixty feet of the westerly end of the street for their own purposes. The high-water line indicated by the engineer just about coincides with appellants' occupancy, so that, if that were the boundary of the property platted and the end of the street, there would appear to have been no encroachment. On cross-examination, the witness, who did the surveying and made the plat testified that he used certified copies of the government field notes and legally surveyed the whole section with transit and tape, reproducing the lines as called for by the field notes, and thus located the true position of the meander line. There being nothing to the contrary, and no other evidence upon the point in question, we see no reason why this is not competent and sufficient to sustain the judgment of the trial court.

Appellants have made no formal assignments of

error, and we can ascertain from their brief no other point upon which they claim the trial court erred.

The judgment is affirmed.

MITCHELL, PARKER, MACKINTOSH, and MAIN, JJ., concur.